# Billing and Reimbursement Rules

## I. GENERAL PROVISIONS

A. Maximum Reimbursement Allowance (MRA). Unless the payer and provider have a separate fee contract which provides for a different level of reimbursement, the maximum reimbursement allowance for health care services shall be the lesser of (a) the provider's total billed charge, or (b) the maximum specific fee established by the Fee Schedule. Items or services or procedures which do not have a maximum specific fee established by this Fee Schedule shall be reimbursed at the usual and customary fee as defined in this Fee Schedule, and in such cases, the maximum reimbursement allowance shall be the lesser of (1) the provider's total billed charge, or (2) the usual and customary fee as defined by this Fee Schedule.

If this Fee Schedule does not establish a maximum specific fee for a particular service or procedure, and a usual and customary rate cannot be determined because the Ingenix MDR Charge Payment System database does not contain a fee for same, then the maximum reimbursement allowance shall be equal to the national Medicare allowance plus thirty percent (30%). In the absence of an established Medicare value, and assuming none of the above provisions apply, the maximum reimbursement allowance shall be the provider's total billed charge.

B. Separate Fee Contract. An employer/payer may enter into a separate contractual agreement with a medical provider regarding reimbursement for services provided under the provisions of the Mississippi Workers' Compensation Law, and if an employer/payer has such a contractual agreement with a provider designed to reduce the cost of workers' compensation health care services, the contractual agreement shall control as to the amount of reimbursement and shall not be subject to the maximum reimbursement allowance otherwise established by the Fee Schedule. However, all other rules, guidelines and policies as provided in this Fee Schedule shall apply and shall be considered to be automatically incorporated into such agreement.

> The provider did not volunteer for any such agreement for workers comp.

   1. Repricing Agreements. Payers and providers may voluntarily enter into repricing agreements designed to contain the cost of workers' compensation health care after the medical care or service has been provided, and in such case, the reimbursement voluntarily agreed to by the parties shall control to the exclusion of the Fee Schedule. However, the time spent by the payer and provider attempting to negotiate a post-care repricing agreement does not extend the time elsewhere provided in this Fee Schedule for billing claims, paying claims, requesting correction of an incorrect payment, requesting reconsideration, seeking dispute resolution, or reviewing and responding to requests for correction or reconsideration or dispute resolution. In addition,


Exhibit "G"

**Mississippi Workers' Compensation Medical Fee Schedule**

**Medical Fee Schedule**                                              Effective July 1, 2010

applicable interest and penalties related to late billing and/or late payment shall continue to accrue as otherwise provided. Efforts to negotiate a post-care repricing agreement do not justify late billing or payment, and either party may seek further relief in accordance with the rules provided herein should billing or payment not be made within the time otherwise due under these rules. No party shall be obligated to negotiate or enter into a repricing agreement of any kind whatsoever.

No party, in attempting to negotiate a repricing or other post treatment price reduction agreement, shall state or imply that consent to such an agreement is mandatory, or that the failure to enter into any such agreement may result in audit, delay of payment, or other adverse consequence. If the Commission determines that any party, or other person in privity therewith, has made such false or misleading statements in an effort to coerce another party's consent to a repricing or other price reduction agreement outside the Fee Schedule, the Commission may refer the matter to the appropriate authorities to consider whether such conduct warrants criminal prosecution under section 71-3-69 of the Law. This statute declares that any false or misleading statement or representation made for the purpose of wrongfully withholding any benefit or payment otherwise due under the terms of the Workers' Compensation Law shall be considered a felony. In addition, the Commission may levy a civil penalty in an amount not to exceed ten thousand dollars ($10,000.00) if it finds that payment of a just claim has been delayed without reasonable grounds, as provided in section 71-3-59(2) of the Law.

C. Billing Forms. Billing for provider services shall be standardized and submitted on the following forms: Providers must bill outpatient professional services on the most recently authorized paper or electronic version, 837p, of the CMS-1500 form, regardless of the site of service. Health care facilities must bill on the most recently authorized uniform billing form. The electronic version, 837i, of the UB-04 (CMS-1450) is required beginning May 23, 2007. Billing must be submitted using the most current paper or electronic forms which are authorized by CMS.

D. Identification Number. All professional reimbursement submissions by Covered Healthcare Providers as defined under CMS rules for the implementation of the National Provider Identifier (NPI) must include the National Provider Identifier (NPI) field so as to enable the specific identification of individual providers without the need for other unique provider identification numbers. Providers who do not yet have an NPI should continue to use their legacy identifiers until such time as an NPI is obtained. Providers are required to obtain an NPI within the dates specified by CMS in its implementation rules.

E. Physician Specialty. The rules and reimbursement allowances in the *Mississippi Workers' Compensation Medical Fee Schedule* do not address physician specialization within a specialty. Payment is not based on the fact that a physician has elected to treat patients with a particular/specific problem. Reimbursement to qualified physicians is the same amount regardless of specialty.

F. "No Show" Appointments. When an appointment is made for a physician visit by the employer or payer, and the claimant/patient does not show, the provider is entitled to payment at the rate allowed for a minimal office visit.

G. "After Hours" and Other Adjunct Service Codes. When an office service occurs after a provider's normal business hours, procedure code 99050 may be billed. Other adjunct service codes (99051–99060) may be billed as appropriate. Typically, only a single adjunct service code is reported per encounter. However, there may be circumstances in which reporting multiple adjunct codes per patient encounter may be appropriate.

H. Portable Services. When procedures are performed using portable equipment, bill the appropriate procedure code. The charge for the procedure includes the cost of the portable equipment.