IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

MULTIPLAN, INC., and PRIVATE
HEALTHCARE SYSTEMS, INC.                                                    PLAINTIFFS

v.                                                              CAUSE NO. 1:14CV315-LG-RHW

STEVEN W. HOLLAND, doing business as
Physical Therapy Clinic of Gulfport, and
KEVIN BARRETT, doing business as Quest
Financial Recovery Services                                                  DEFENDANTS

ORDER DENYING STEVEN HOLLAND'S MOTION
TO DISMISS AND DENYING PLAINTIFF'S MOTION TO SEAL

**BEFORE THE COURT** are the Motion [52] to Dismiss Case Based on Perjury, Fraud Upon the Court, and Abuse of Process filed by Steven W. Holland and the Motion [54] to Seal Holland's Motion to Dismiss and Memorandum filed by Multiplan, Inc.  After reviewing the submissions of the parties, the record in this matter, and the applicable law, the Court finds that Holland's Motion to Dismiss and Multiplan's Motion to Seal should be denied.

DISCUSSION

**I. Holland's Motion to Dismiss**

In his Motion to Dismiss, Holland alleges that counsel for Multiplan committed perjury by alleging in a Verified Complaint that Holland sent a Commercial Affidavit to Multiplan dated January 26, 2014.  The context of the allegation in the Verified Complaint is as follows:

> 38.  Thereafter, Quest Financial Recovery Services ("Quest"), as Holland's disclosed agent, sent correspondence to Plaintiffs requesting payment for disputed workers' compensation claims submitted by Holland for services rendered according to the Agreement.

> 39. Specifically, Holland sent a "Commercial Affidavit" . . . to [Multiplan] dated January 26, 2014.
> 40. The Commercial Affidavit included a statement that Quest was the authorized agent of Holland, and thus was expressly authorized to act on Holland's behalf.

(Verified Compl. at 6, ECF No. 1) (footnote omitted).

"Under the law of agency, 'a principal is bound by the actions of its agent within the scope of that agent's real or apparent authority.'" *Andrew Jackson Life Ins. Co., v. Williams*, 566 So. 2d 1172, 1180 (Miss. 1990) (quoting *Ford v. Lamar Life Ins. Co.*, 513 So. 2d 880, 888 (Miss. 1987)). In other words, the acts of an agent may be imputed to the agent's principal.[1]

The Verified Complaint clearly alleged that Holland sent the Commercial Affidavit **by and through his authorized agent, Quest**. In fact, the Commercial Affidavit itself provided that Quest was Holland's authorized agent. As a result, there is no factual support for Holland's allegation that counsel for Multiplan committed perjury or any other form of misconduct. Holland's Motion to Dismiss is denied.

## II. Multiplan's Motion to Seal

Multiplan asks the Court to Seal Holland's Motion to Dismiss and supporting Memorandum due to the serious and unsupported allegations contained therein. The Court is unable to seal the pleadings on sole basis of unsupported allegations raised by Motion.

---

[1] The issue of whether Holland should actually be held liable for the actions of Quest will be determined by the Court at a later time.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Motion [52] to Dismiss Case Based on Perjury, Fraud Upon the Court, and Abuse of Process filed by Steven W. Holland is **DENIED**. In addition, Mr. Holland is admonished to carefully consider the making or publishing of future unfounded allegations of misconduct. Notwithstanding the fact that Mr. Holland is proceeding pro se, he should familiarize himself with Rule 11(b) of the Federal Rules of Civil Procedure regarding representations to the Court. Any "pleading, written motion, or other paper... presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation", may be subject to appropriate sanctions. *See* FED. R. CIV. P. 11(c).

**IT IS, FURTHER, ORDERED AND ADJUDGED** that the Motion [54] to Seal Holland's Motion to Dismiss and Memorandum filed by Multiplan, Inc., is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 18th day of November, 2014.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE