IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| MULTIPLAN, INC., and PRIVATE HEALTHCARE SYSTEMS, INC. | PLAINTIFFS/ COUNTER-DEFENDANTS |
| v. | CAUSE NO. 1:14CV315-LG-RHW |
| STEVEN W. HOLLAND, doing business as Physical Therapy Clinic of Gulfport | DEFENDANT/ COUNTER-CLAIMANT |

**MEMORANDUM OPINION AND ORDER GRANTING IN
PART AND DENYING IN PART COUNTER-DEFENDANTS'
MOTION TO DISMISS THIRD AMENDED COUNTERCLAIM**

**BEFORE THE COURT** is the Motion [107] to Dismiss Third Amended Counterclaim filed by the counter-defendants Multiplan, Inc., and Private Healthcare Systems, Inc. (PHCS). The Motion has been fully briefed by the parties. After reviewing the submissions of the parties, the record in this matter, and the applicable law, the Court finds that the Motion to Dismiss should be granted as to Holland's RICO claims, unjust enrichment, common law fraud, and accounting claims. The Motion is denied in all other respects.

FACTS

Steven Holland operated a physical therapy clinic in Gulfport, Mississippi. He entered into a Preferred Provider Organization (PPO) agreement with PHCS in June 2006. "Pursuant to this Agreement, Holland agreed to accept discounted fee rates for treatment of certain patients directed to Holland by PHCS with corresponding identification cards identifying themselves as PHCS enrollees." (3d Am. Countercl. at 9, ECF No. 106). In June 2007, Holland received correspondence from PHCS that informed him that the PPO had been updated. The letter stated,

"we're expanding your PHCS relationship to include participation with Multiplan on a complimentary basis." (*Id.* at 10).

Holland alleges that PHCS and Multiplan entered into a Network Access Agreement with a "network broker and repricer" Coventry Health Care Workers' Compensation, Inc. (*Id.* at 11). This access agreement allegedly gave Coventry's clients access to discounts from Holland's physical therapy practice. (*Id.*) Holland asserts that PHCS and Multiplan should not have given Coventry and its clients access to Holland's discounted rates. (*Id.*) Holland also claims that Coventry improperly rented access to Holland's discount rate to numerous insurance payers, PPO administrators, network brokers, and repricers. (*Id.*) Holland asserts that this "Silent PPO scheme" orchestrated by PHCS and Multiplan drastically reduced Holland's revenue and that no additional patients were directed to Holland's practice in exchange for these discounts. (*Id.* at 14-15, 18).

The PPO agreement between PHCS and Holland was terminated on September 25, 2012. (Compl. at 6, ECF No. 1). In 2014, Holland hired Kevin Barrett to attempt to recover Holland's alleged losses from PHCS and Multiplan. Barrett used threatening tactics, and as a result, PHCS and Multiplan filed this lawsuit against Holland and Barrett. Their claims against Barrett have since been dismissed.

Holland has filed a Third Amended Counterclaim in which he attempts to assert the following claims against Multiplan and PHCS: violation of RICO, 18

U.S.C. § 1962(c); violation of RICO, 18 U.S.C. § 1962(d); unjust enrichment; civil conspiracy; common law fraud; and breach of contract. The Counterclaim also includes a demand for an accounting and disgorgement. Multiplan and PHCS have filed the present Motion to Dismiss, seeking dismissal of all of Holland's alleged counterclaims except for the breach of contract claim.

## DISCUSSION

In order to survive a motion to dismiss filed pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements." *In re S. Scrap Material Co., LLC*, 541 F.3d 584, 587 (5th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556). "While we accept all well-pleaded factual allegations as true and interpret the complaint in the light most favorable to the plaintiff, threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not establish facial plausibility." *United States ex rel. Spicer v. Westbrook*, 751 F.3d 354, 365 (5th Cir 2014). Generally, "[w]hen matters outside the pleadings are presented to and not excluded by the district court, the district court must convert a motion to dismiss into a motion for summary judgment." *Burns v. Harris Cnty. Bail Bond Bd.*, 139 F.3d 513, 517 (5th Cir. 1998). However, courts are permitted to consider a RICO

statement[1] while deciding a motion to dismiss. *Int'l Fire & Safety, Inc. v. HC Servs., Inc.*, No. 2:06cv63-KS-MTP, 2006 WL 2483336, at *2 (S.D. Miss. Aug. 28, 2006); *see also Conwill v. Greenberg Traurig, LLP*, No. 09-4365, 2009 WL 5178310, at *2 n.16 (E.D. La. Dec. 22, 2009).

**I.  RICO**

Holland has attempted to file claims pursuant to subsections (c) and (d) of the RICO statute.  Subsection (c) provides:

> It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

18 U.S.C. § 1962(c).  Subsection (d) provides that it is unlawful to conspire to violate any subsection of the RICO statute.  18 U.S.C. § 1962(d).

"Regardless of subsection, RICO claims under § 1962 have three common elements: (1) a person who engages in (2) a pattern of racketeering activity, (3) connected to the acquisition, establishment, conduct, or control of an enterprise." *Abraham v. Singh*, 480 F.3d 351, 355 (5th Cir. 2007).  "'Racketeering activity' consists of two or more predicate criminal acts that are (1) related and (2) 'amount to or pose a threat of continued criminal activity.'" *Id.* (quoting *Word of Faith World*

---

[1] Holland's RICO statement was untimely, because it was not served with his Third Amended Counterclaim.  *See* Uniform Local Rule 83.8.  Nevertheless, since Multiplan and PHCS have not been prejudiced by the untimely filing of the statement, the Court will consider it.  *See Int'l Fire & Safety, Inc.*, 2006 WL 2483336, at *2.

*Outreach Ctr. Church, Inc. v. Sawyer*, 90 F.3d 118, 122 (5th Cir. 1996)). Holland alleges that Multiplan and PHCS committed the predicate criminal acts of mail fraud and wire fraud. *See* 18 U.S.C. § 1961 (providing that mail fraud and wire fraud can constitute predicate acts). Multiplan and PHCS argue that Holland has failed to plead mail or wire fraud with particularity.

Wire or mail fraud must be pled with particularity pursuant to Fed. R. Civ. P. 9(b). *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1138 (5th Cir. 1992). "At a minimum, Rule 9(b) requires allegations of the particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Id.* at 1139. "Put simply, Rule 9(b) requires the who, what, when, where, and how [of the alleged fraud] to be laid out." *Kreway v. Countrywide Bank, FSB*, No. 15-50854, 2016 WL 2342717, at *1 (5th Cir. 2016) (quoting *Benchmark Elec., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003)).

In his RICO statement, Holland alleges that the alleged fraud occurred throughout 2012. (RICO Statement at 7, ECF No. 116). In his Third Amended Complaint, Holland alleges that either PHCS or Multiplan represented in correspondence that Holland had a contract with PHCS which included discounts for workers' compensation services in violation of Mississippi law, but he does not provide any additional information concerning the correspondence or specify whether Multiplan or PHCS made these alleged misrepresentations or when they

made these representations. (*See id.* at 24). In his RICO statement, Holland further alleges:

> [The Explanations of Benefits (EOBs) provided to Holland] contain the material misrepresentations and omissions, including falsely representing that the payers that obtained the network discounts were participants in the Multiplan or PHCS networks, when in fact they were not; that the payers had accessed Holland's discount rate in accordance with the terms of Holland's PHCS Agreement, including by providing steerage benefits to Holland, when in fact the payers were not obligated to and did not provide any steerage benefits to Holland in exchange for obtaining the discounts; by failing to disclose that the payers had accessed the discount rates through the rental or subscription agreements identified herein; and in some instances, by falsely identifying a PPO network other than Multiplan or PHCS as the source of the discount, and in other cases, omitting the identity of the PPO network utilized in applying the discounts altogether, in an effort to conceal the scheme to defraud.

(RICO Statement at 7, ECF No. 116).

Holland attached one sample EOB to the Third Amended Counterclaim and several sample EOBs to the RICO statement. Contrary to Holland's assertions, the sample EOBs contain no statements concerning the PHCS Agreement or steerage. The EOBs merely state: "Network: Multiplan." As a result, the EOBs actually notified Holland that these entities were utilizing the Multiplan network to obtain discounts from Holland. *See Amer. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1292 (11th Cir. 2010) (holding that EOBs did not include misrepresentations because the EOBs actually put the plaintiff on notice of the defendant's conduct).

Holland also alleges that Multiplan and PHCS fraudulently listed networks other than Multiplan and PHCS in certain EOBs to hide that other entities were utilizing the Multiplan network, but the dates and circumstances of those alleged

-6-

misrepresentations have not been provided in either the RICO statement or Third Amended Counterclaim and none of the EOBs provided by Holland contain such misrepresentations.

Furthermore, although Holland claims in his Third Amended Counterclaim that the EOBs were created by Multiplan and PHCS, all of the EOBs indicate that they were actually sent by third parties, such as Sentry, Mitchell, and Gallagher Bassett. (*Id.* at 21). Thus, Holland has not explained how PHCS and Multiplan each participated in the alleged fraud aside from vague assertions that these entities jointly sent unspecified correspondence and notices on unspecified dates that contained unspecified misrepresentations. Since Holland has failed to plead the alleged predicate acts of fraud with particularity, both of his RICO claims must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

## II. UNJUST ENRICHMENT

Under Mississippi law, "[u]njust enrichment only applies to situations where: (1) there is no legal contract and (2) the person sought to be charged is in possession of money or property which in good conscience and justice he should not retain but should deliver to another." *SKL Invs., Inc. v. Hardin*, 170 So. 3d 588, 591 (¶13) (Miss. Ct. App. 2014). Holland has not disputed that his relationship with Multiplan and PHCS is governed by a legal contract; in fact, he has asserted a breach of contract claim against them. Therefore, Holland's unjust enrichment claim must be dismissed.

### III. CIVIL CONSPIRACY

"A civil conspiracy occurs when a combination of persons conspire 'for the purpose of accomplishing an unlawful purpose or a lawful purpose unlawfully.'" *Cook v. Wallot*, 172 So. 3d 788, 801 (Miss. Ct. App. 2013) (quoting *Gallagher Bassett Servs., Inc. v. Jeffcoat*, 887 So. 2d 777, 786 (¶37) (Miss. 2004)). "To establish a civil conspiracy, the plaintiff must prove (1) an agreement between two or more persons, (2) to accomplish an unlawful purpose or a lawful purpose unlawfully, (3) an overt act in furtherance of the conspiracy, (4) and damages to the plaintiff as a proximate result." *Bradley v. Kelley Bros. Contractors, Inc.*, 117 So. 3d 331, 338 (Miss. Ct. App. 2013).

Multiplan and PHCS argue that Holland's civil conspiracy claim should be dismissed because, "as a matter of law [Multiplan and PHCS] did not engage in Silent PPO activity because [Multiplan and PHCS] had a contractual relationship with Holland and the clients that applied Holland's provider discount." (Counter-Defs.' Mem. at 18, ECF No. 108). They also assert that any damages suffered from Holland arose "from performance or non-performance of contract terms . . . ." *Id.*

The Court cannot hold at this stage of the litigation that all of Multiplan and PHCS's actions were permitted by contract. Such a determination could only be made after reviewing all of the relevant contracts, evidence, and testimony. Furthermore, Holland has argued that Multiplan and PHCS conspired to violate Mississippi's Workers' Compensation law by applying discounts to workers' compensation services provided by Holland. (3d Am. Countercl. at 29, ECF No.

-8-

106). Thus, he has stated a plausible claim for civil conspiracy under Mississippi law.

## IV. COMMON LAW FRAUD

For the same reasons stated with regard to Holland's RICO claims, the Court finds that Holland has failed to plead his fraud claim with particularity. Therefore, this claim must be dismissed.

## V. ACCOUNTING

"Under Mississippi law, the factors considered in determining whether an accounting is warranted include '(1) the need of discovery, (2) the complicated character of the accounts, and (3) the existence of a fiduciary or trust relationship." *Teeuwissen v. JP Morgan Chase Bank, N.A.*, 902 F. Supp. 2d 826, 836 (S. D. Miss. 2011). Holland has not alleged the existence of a fiduciary or trust relationship in the present case. Therefore, he is not entitled to an accounting under Mississippi law.

## VI. DISGORGEMENT

Multiplan and PHCS argue that Holland's request for disgorgement should be dismissed, because "Holland admits that he has an adequate remedy at law." (Counter-Defs.' Mem. at 21, ECF No. 108). However, in his Third Amended Counterclaim, Holland actually alleged that he has no adequate remedy at law. As a result, the arguments asserted by Multiplan and PHCS are without merit.

## CONCLUSION

For the foregoing reasons, Holland's RICO, unjust enrichment, common law

-9-

fraud, and accounting claims are dismissed. His breach of contract, civil conspiracy, and disgorgement claims remain pending.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Motion [107] to Dismiss Third Amended Counterclaim filed by the counter-defendants Multiplan, Inc., and Private Healthcare Systems, Inc., is **GRANTED IN PART AND DENIED IN PART**. The RICO claims, unjust enrichment claim, common law fraud claim, and accounting claim filed by Steven W. Holland are hereby **DISMISSED**.

**SO ORDERED AND ADJUDGED** this the 25th day of July, 2016.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE