IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| **MULTIPLAN, INC. and PRIVATE HEALTHCARE SYSTEMS, INC.** | **PLAINTIFFS/ COUNTER-DEFENDANTS** |
| v. | CAUSE NO. 1:14CV315-LG-RHW |
| **STEVEN W. HOLLAND, doing business as Physical Therapy Clinic of Gulfport** | **DEFENDANT/ COUNTERCLAIMANT** |

## ORDER GRANTING IN PART AND DENYING IN PART THE MOTION IN LIMINE TO EXCLUDE DAMAGES FILED BY MULTIPLAN AND PHCS

**BEFORE THE COURT** is the [259] Motion in Limine to Exclude Damages filed by the plaintiffs/counter-defendants Multiplan, Inc. and Private Healthcare Systems, Inc. Holland filed a response to the Motion that did not include any substantive arguments or authority, and he failed to timely submit a supporting memorandum to the Court.[1] After reviewing the Motion, the record in this matter and the applicable law, the Court finds that Motion in Limine to Exclude Damages should be granted in part and denied in part as set forth herein.

## BACKGROUND

This lawsuit arose out of a dispute between a physical therapist, Steven W. Holland, and two preferred provider organizations (PPOs), PHCS and Multiplan.

---

[1] At 11:21 p.m. on the date that his response and supporting memorandum were due, Holland filed a [267] Motion to Seal his memorandum and exhibits. The Court granted that Motion but ordered Holland to email his memorandum and exhibits to the Court by 1:00 p.m. on February 15, 2018. (*See* Text Only Order entered on Feb. 15, 2018). Holland did not comply with the Court's order.

Holland alleges that the PPOs applied discounts to workers' compensation claims to which they were not entitled. Multiplan and PHCS allege that Holland and Kevin Barrett, doing business as Quest Financial Recovery Services, harassed their clients and interfered with their business relations.

## DISCUSSION

### I. PUNITIVE DAMAGES

The Court will follow the procedure for determining whether punitive damages are warranted that is set forth in Miss. Code Ann. § 11-1-65(c), if necessary. Therefore, the parties are prohibited from referencing punitive damages prior to any award of compensatory damages.

### II. TREBLE DAMAGES

This Court has dismissed Holland's RICO claim. Therefore, he is prohibited from mentioning treble damages.

### III. PAST OR FUTURE LOST EARNINGS

The Court does not have sufficient information concerning whether Holland is entitled to past or future lost earnings at this time. Therefore, this request is denied.

### IV. CONSEQUENTIAL, INDIRECT, OR SPECULATIVE DAMAGES

Multiplan and PHCS's request to prohibit reference to consequential, indirect, or speculative damages is vague. The Court will instruct the jury that they should not award any damages for losses or injuries that are speculative. Otherwise, Multiplan and PHCS can make contemporaneous objections at trial.

## V. EVIDENCE OF FEES OR PROFITS RECEIVED BY MULTIPLAN AND PHCS

There is evidence that Multiplan and PHCS received fees in exchange for discounts they provided to third parties. Holland alleges that the discounts should not have been applied to his workers' compensation patients. "The purpose of a motion in limine is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence." *Smith v. Union Ins. Co.*, No. 3:15-CV-00162-MPM-RP, 2017 WL 5158696, at *1 (N.D. Miss. Oct. 3, 2017) (quoting *Harkness v. Bauhaus U.S.A., Inc.*, 2015 WL 631512, at *1 (N.D. Miss. Feb. 13, 2015)). "In this context, evidence should not be excluded . . . unless it is clearly inadmissible on all potential grounds." *Id.* The Court cannot determine at this time whether the fees these parties received in exchange for the discounts are relevant or how the parties could discuss the third party discounts without referencing the fees. Therefore, this request is denied, and Multiplan and PHCS will be permitted to make contemporaneous objections at trial.

The Court finds that the amount of overall profits Multiplan and PHCS receive should not be disclosed to the jury unless Holland first demonstrates at trial that this is relevant to the liability and compensatory damages phase of this trial. Therefore, the request is granted to this extent.

**IT, IS, THEREFORE, ORDERED AND ADJUDGED** that the [259] Motion in Limine to Exclude Damages filed by the plaintiffs/counter-defendants Multiplan, Inc. and Private Healthcare Systems, Inc., is **GRANTED IN PART AND DENIED IN PART** as set forth herein.

**SO ORDERED AND ADJUDGED** this the 16th day of February, 2018.

*s/ Louis Guirola, Jr.*
Louis Guirola, Jr.
United States District Judge