IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| MULTIPLAN, INC. and PRIVATE HEALTHCARE SYSTEMS, INC. | PLAINTIFFS/ COUNTER-DEFENDANTS |
| v. | CAUSE NO. 1:14CV315-LG-RHW |
| STEVEN W. HOLLAND, doing business as Physical Therapy Clinic of Gulfport | DEFENDANT/ COUNTERCLAIMANT |

## ORDER GRANTING IN PART AND DENYING IN PART THE OMNIBUS MOTION IN LIMINE FILED BY MULTIPLAN AND PHCS

**BEFORE THE COURT** is the [261] Omnibus Motion in Limine filed by the plaintiffs/counter-defendants Multiplan, Inc. and Private Healthcare Systems, Inc. Holland filed a response to the Motion that did not include any substantive arguments or authority, and he failed to timely submit a supporting memorandum to the Court.[1] After reviewing the Motion, the record in this matter and the applicable law, the Court finds that Omnibus Motion in Limine should be granted in part and denied in part as set forth herein.

## BACKGROUND

This lawsuit arose out of a dispute between a physical therapist, Steven W. Holland, and two preferred provider organizations (PPOs), PHCS and Multiplan. Holland alleges that the PPOs applied discounts to workers' compensation claims to

---

[1] At 11:21 p.m. on the date that his response and supporting memorandum were due, Holland filed a [267] Motion to Seal his memorandum and exhibits. The Court granted that Motion but ordered Holland to email his memorandum and exhibits to the Court by 1:00 p.m. on February 15, 2018. (*See* Text Only Order entered on Feb. 15, 2018). Holland did not comply with the Court's order.

which they were not entitled. Multiplan and PHCS allege that Holland and Kevin Barrett, doing business as Quest Financial Recovery Services, harassed their clients and interfered with their business relations.

## DISCUSSION

The Court finds that Holland shall be prohibited from referencing or introducing any of the following:

(1) claims that have previously been dismissed by the Court;

(2) claims that Multiplan and/or PHCS's conduct caused problems for Holland's family;

(3) expert opinions concerning the motives, intent, or ethics of Multiplan and PHCS — *see Romero v. Wyeth Pharm., Inc.*, No. 1:03cv1367, 2012 WL 12905978, at *6 (E.D. Tex. Apr. 26, 2012);

(4) Multiplan and PHCS's failure to call any particular witness that is equally available to Holland;

(5) testimony or evidence concerning the size or wealth of Multiplan and PHCS;

(6) any portion of a deposition to which an objection was made, unless the Court first overrules the objection;

(7) any argument that the trial or an adverse verdict will have no adverse effect on Multiplan and PHCS;

(8) the liability insurance of Multiplan and/or PHCS;

(9) the location of the offices of the attorneys of Multiplan and PHCS, the cost of their defense, or the resources of their attorneys' firm;

(10) evidence that was not produced during discovery;

(11) references to the presence of the executives, owners, or corporate counsel of Multiplan and PHCS at trial;

(12) references to the relative size of the parties in comparison to each other; and

(13) testimony that Multiplan and PHCS are insurers or sponsors of health plans.

The Court further finds that Multiplan and PHCS's request to prohibit reference to compound interest should be denied. Multiplan and PHCS have provided no authority that supports their position that compound interest cannot be utilized in this case. Therefore, they can raise contemporaneous objections at trial.

The Court further finds that it is permissible for Holland to argue that Multiplan and PHCS participated in a silent PPO scheme. "A silent PPO is a term of art for a kind of PPO abuse. Essentially, a silent PPO occurs when a payor receives a PPO discount to which he is not entitled." *Roche v. Travelers Prop. Cas. Ins. Co.*, No. 07-CV-302-JPG, 2008 WL 2875250, at *1 (S.D. Ill. July 24, 2008). Holland argues that Multiplan and PHCS received discounts to which they were not entitled; thus, he can claim that they participated in a silent PPO scheme.

In addition, the Court finds that Holland should be prohibited from referencing or introducing any evidence or argument concerning other lawsuits, investigations, claims, verdicts, and trials against Multiplan and/or PHCS in the presence of the jury without prior approval from the Court. During the trial, if at any point Holland wishes to introduce evidence or testimony of this nature, he should notify the Court so that the Court can determine outside the presence of the jury whether the proposed evidence or testimony should be permitted.

Holland will also be permitted to mention that PHCS and Multiplan are corporations, but the Court will instruct the jury that a corporation and all other persons are equal before the law and must be treated as equals in a court of justice. Furthermore, any evidence or testimony relevant only to a determination of punitive damages, including testimony or evidence of net worth, should not be presented to the jury until after a party has received an award of compensatory damages. *See* Miss. Code Ann. § 11-1-65(c).

The parties dispute whether PHCS and Multiplan are administrators of health plans, and the Court does not have sufficient information to determine whether such a characterization should be made at trial. Therefore, this request is denied, and the parties are granted leave to make contemporaneous objections at trial.

**IT, IS, THEREFORE, ORDERED AND ADJUDGED** that the [261] Omnibus Motion in Limine filed by the plaintiffs/counter-defendants Multiplan, Inc. and Private Healthcare Systems, Inc., is **GRANTED IN PART AND DENIED IN PART** as set forth herein.

**SO ORDERED AND ADJUDGED** this the 16th day of February, 2018.

s/ *Louis Guirola, Jr.*
Louis Guirola, Jr.
United States District Judge