IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| MULTIPLAN, INC. and PRIVATE<br>HEALTHCARE SYSTEMS, INC. | PLAINTIFFS/<br>COUNTER-DEFENDANTS |
| v. | CAUSE NO. 1:14CV315-LG-RHW |
| STEVEN W. HOLLAND, doing<br>business as Physical Therapy<br>Clinic of Gulfport | DEFENDANT/<br>COUNTERCLAIMANT |

### ORDER GRANTING IN PART AND DENYING IN PART
### STEVEN W. HOLLAND'S MOTION IN LIMINE

**BEFORE THE COURT** is the [263] Motion in Limine filed by the defendant/counterclaimant Steven W. Holland, doing business as Physical Therapy Clinic of Gulfport. The plaintiffs/counter-defendants Multiplan, Inc. and Private Healthcare Systems, Inc. have filed a response to the Motion. After reviewing the submissions of the parties and the applicable law, the Court finds that Holland's Motion should be granted in part and denied in part as set forth below.

### BACKGROUND

This lawsuit arose out of a dispute between a physical therapist, Steven W. Holland, and two preferred provider organizations (PPOs), PHCS and Multiplan. Holland alleges that the PPOs applied discounts to workers' compensation claims to which they were not entitled. Multiplan and PHCS allege that Holland and Kevin Barrett, doing business as Quest Financial Recovery Services, harassed their clients and interfered with their business relations.

## DISCUSSION

In his Motion in Limine, Holland asks the Court to prohibit reference to thirteen separate issues at the trial of this matter. Mulitplan and PHCS do not oppose ten of those requests; thus, it is not necessary to discuss those issues, and Holland's Motion will be granted to that extent.

Multiplan and PHCS oppose Holland's request to prohibit "[a]ny reference to the time period or circumstances under which the [sic] Holland hired an attorney." (Mot. at 2, ECF No. 263). Multiplan and PHCS argue that they should be able to address this issue at trial, as they argue that Holland waived his right to oppose the PPO discounts by waiting to oppose them. The Court finds that the date on which Holland hired an attorney and the circumstances concerning the hiring of an attorney are irrelevant and could potentially concern matters that are privileged. Multiplan and PHCS can assert their waiver or estoppel argument using the date on which Holland first contested the discounts and/or filed his counterclaims, to the extent permitted by law. Therefore, Holland's Motion is granted to this extent.

Multiplan and PHCS also oppose Holland's request to prohibit "[a]ny reference to any matter that is not relevant to the case or will not be supported by the evidence, asserting personal knowledge of the facts, or stating personal opinions regarding the case or the credibility of the witnesses, all of which is contrary to applicable law." The Court finds that this request should be denied at this time, as it is vague and it is impossible to determine what this request entails, aside from a request that the Court require the parties to follow the law, the Federal Rules of

Evidence, and the Federal Rules of Civil Procedure. *See Maggette v. BL Dev. Corp.*, No. 2:07CV181-M-A, 2011 WL 2134578, at *4 (N.D. Miss. May 27, 2011) ("The purpose of motions in limine is not to re-iterate matters which are set forth elsewhere in the Rules of Civil Procedure or Rules of Evidence, but, rather, to identify specific issues which are likely to arise at trial, and which, due to their complexity or potentially prejudicial nature, are best addressed in the context of a motion in limine.") Holland will be permitted to make contemporaneous objections at trial.

Multiplan and PHCS oppose Holland's request to prohibit references to his relationship with Kevin Barrett and/or Quest Financial Recovery Services and to prohibit any attempt to hold Holland liable for the actions of Barrett and/or Quest. The Court does not have sufficient information at this time to determine whether Holland is responsible for the actions of Barrett and/or Quest. If Holland felt that he was not responsible for their conduct, he should have filed a timely motion for summary judgment. Since he did not do so, this matter will be resolved at trial. Therefore, this request is denied.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the [263] Motion in Limine filed by the defendant/counterclaimant Steven W. Holland is **GRANTED IN PART** and **DENIED IN PART** as set forth herein.

**SO ORDERED AND ADJUDGED** this the 16th day of February, 2018.

s/ *Louis Guirola, Jr.*
Louis Guirola, Jr.
United States District Judge