# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | |
|---|---|
| **MULTIPLAN, INC. and PRIVATE HEALTHCARE SYSTEMS, INC.** | **PLAINTIFFS/ COUNTER-DEFENDANTS** |
| v. | CAUSE NO. 1:14CV315-LG-RHW |
| **STEVEN W. HOLLAND, doing business as Physical Therapy Clinic of Gulfport** | **DEFENDANT/ COUNTERCLAIMANT** |

## MEMORANDUM OPINION AND ORDER GRANTING STEVEN W. HOLLAND'S MOTION FOR JUDGMENT AS A MATTER OF LAW

**BEFORE THE COURT** is the ore tenus Motion for Judgment as a Matter of Law filed by the defendant/counterclaimant Steven W. Holland, doing business as Physical Therapy Clinic of Gulfport. For the following reasons, the Court finds that there is an insufficient evidentiary basis for a reasonable jury to find in favor of Multiplan and Private Healthcare as to their tortious interference of business relations claim. Therefore, Holland's Motion for Judgment as a Matter of Law is granted.

## BACKGROUND

This lawsuit arose out of a dispute between Holland, a physical therapist, and two preferred provider organizations (PPOs), Private Healthcare and Multiplan. Holland alleged that the PPOs applied discounts to workers' compensation claims to which they were not entitled. Multiplan and Private Healthcare have sued Holland, claiming that Holland's alleged agent, Kevin

Barrett, doing business as Quest Financial Recovery Services, tortiously interfered with their business relations.

The jury trial of this matter began on March 26, 2018. Following the conclusion of all testimony, Holland renewed his ore tenus Motion for a Judgment as a Matter of Law.

## DISCUSSION

A court may grant judgment as a matter of law if "the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." Fed. R. Civ. P. 50(a)(1). "In resolving such challenges, we draw all reasonable inferences and resolve credibility determinations in the light most favorable to the nonmoving party." *Foradori v. Harris*, 523 F.3d 477, 485 (5th Cir. 2008).

Under Mississippi law, a tortious interference with business relations claim requires proof of the following four elements:

> (1) the acts were intentional and willful; (2) the acts were calculated to cause damage to the plaintiffs in their lawful business; (3) the acts were done with the unlawful purpose of causing damage and loss without right or justifiable cause on the part of the defendant (which constitutes malice); and (4) actual loss and damage resulted.

*PDN, Inc. v. Loring*, 843 So. 2d 685, 688 (Miss. 2003) (citing *MBF Corp. v. Century Bus. Commc'ns, Inc.*, 663 So.2d 595, 598 (Miss.1995)). "[A]ctual damage and loss is a required component of the tort of interference with business relations." *Biglane v. Under the Hill*, 949 So. 2d 9, 17 (¶40) (Miss. 2007). Therefore, in order to demonstrate damages for tortious interference, a "plaintiff must show (1) a loss, and

(2) that defendant's conduct caused the loss." *Par Indus., Inc. v. Target Container Co.*, 708 So. 2d 44, 48 (¶10) (Miss. 1998).  Furthermore, "the plaintiff must provide hard proof of financial loss.  Speculative losses will not suffice."  Johnny C. Parker, Mississippi Law of Damages § 35:19 (3d ed. 2003) (citing *Cenac v. Murry*, 609 So. 2d 1257 (Miss. 1992)).  Generally, such loss is proved by showing a loss of business or profit.  *See Cenac*, 609 So. 2d at 1272.

In the present case, Multiplan and Private Healthcare argue that they demonstrated they suffered actual damages and loss, because they incurred attorney's fees and expenses as well as a loss of good will.  The Court will first consider the argument that attorney's fees and expenses can be recovered as compensatory damages.

> The Mississippi Supreme Court has held:
>
> As a general rule, in the absence of any contractual or statutory liability therefor, attorneys' fees and expenses incurred by the plaintiff or which the plaintiff is obligated to pay, in the litigation of his claim against the defendant, aside from usual court costs, are not recoverable as an item of damages, either in an action ex contractu or an action ex delicto.  Nor are attorneys' fees and other expenses of former litigation, particularly suits prosecuted by the plaintiff against the defendant, recoverable in a subsequent action.

*City of Laurel v. Bush*, 120 So. 2d 149, 155 (Miss. 1960); *see also Tunica Cty. v. Town of Tunica*, 227 So. 3d 1007, 1027 (Miss. 2017) ("Mississippi follows the general rule that, in the absence of a contractual agreement or statutory authority, attorney's fees may not be awarded except in cases in which punitive damages are proper.")  The plaintiffs cite *ACI Chemicals, Inc. v. Metaplex, Inc.*, 615 So. 2d 1192 (Miss. 1993), for the proposition that attorney's fees satisfy the element of actual

-3-

damage and loss for a tortious interference claim. However, the issue of whether it was proper for the lower court to award attorney's fees as compensatory damages was not addressed by the Mississippi Supreme Court in that case.

In *ACI Chemicals*, a chemical company sued two of its former employees as well as a business formed by the two former employees, alleging misappropriation of trade secrets, tortious interference with business relations, breach of fiduciary duty, and slander. *Id.* at 1194. The former employees and the company the employees had created filed counterclaims for abuse of process and tortious interference with business relations. *Id.* The lower court dismissed all of the former employer's claims and found that, by filing the lawsuit against the two former employees and their business, the employer had committed an abuse of process and that the process was abused to maliciously interfere with the business of the two former employees. *Id.* at 1195, 1201. The lower court awarded nominal damages in the amount of $100, punitive damages, and attorney's fees. *Id.* at 1193. On appeal, the former employer argued that the lower court erred in awarding nominal damages. *Id.* at 1201.

The Mississippi Supreme Court held that the former employees had proved actual damages, because they had shown that one of their clients stopped submitting orders, the credit line of one of the former employees had been frozen, and three potential customers had refused the former employees an opportunity to solicit business. *Id.* at 1202. The Mississippi Supreme Court analyzed the lower court's opinion and determined that the lower court had awarded attorney's fees as

actual damages and awarded nominal damages due to the former employees' inability to place a dollar figure on their loss of business. *Id.* The Supreme Court held that it was improper for the lower court to award both nominal damages and actual damages. *Id.* The former employees did not argue that the lower court erred in awarding attorney's fees as actual damages. *See id.* The Supreme Court was merely concerned with determining whether the lower court had intended for the attorney's fees award to represent an award of actual damages. *See id.* The Supreme Court never stated whether it was proper or improper to award attorney's fees as actual damages. *See id.*

In addition, the *ACI Chemicals* decision is distinguishable from the present case, because there were two claims at issue in *ACI Chemicals* — abuse of process and tortious interference with business relations — and the court held that the filing of the lawsuit constituted tortious interference with business relations. Furthermore, an award of attorney's fees was permissible in *ACI Chemicals* because the lower court had held that punitive damages were warranted.

This is further demonstrated by the following analysis of the *ACI Chemicals* decision that was provided by the Supreme Court in a subsequent decision:

> In the case of *ACI Chemicals*, we affirmed a chancellor's finding of tortious interference with business relations when a company, after suffering interference from a competitor, no longer received any new orders from a customer; when its credit line was frozen; and it lost the opportunity to solicit business from at least three potential customers. We found that this was evidence of actual damages. This is in accord with the public policy underscoring this tort; to maintain a fair and legal playing field between competitors in the business arena.

*Biglane*, 949 So. 2d at 17 (¶38). The Supreme Court in *Biglane* noted that the lower court refused to award attorney's fees because punitive damages were not warranted. The *Biglane* Court cited *ACI Chemicals* for the proposition that "attorney's fees can be warranted when [a] trial court assesses punitive damages in [a] tortious interference with business case." Since the plaintiff in *Biglane* failed to demonstrate any actual damages and since nominal damages could not be awarded in a tortious interference case, the Court held that the plaintiff did not have a tortious interference claim.

The Court finds that, under Mississippi law, attorney's fees and expenses cannot be awarded as compensatory damages. Furthermore, even if attorney's fees and expenses could be awarded as damages, the attorney's fees and expenses that Multiplan and Private Healthcare incurred in prosecuting their claims against Holland were not damages suffered as a result of the alleged tortious interference with business relations.

The Court further finds that Multiplan and Private Healthcare provided insufficient evidence from which a jury could find that they suffered a loss of good will. Under Mississippi law, "damages are speculative only when the cause is uncertain, not when the amount is uncertain." *Parker Tractor & Implement Co. v. Johnson,* 819 So. 2d 1234, 1239 (Miss. 2002) (citing *Adams v. U.S. Homecrafters, Inc.*, 744 So. 2d 736, 740 (Miss. 1999)). "[W]hen the cause of the damages is reasonably certain, recovery is not to be denied because the data in proof does not furnish a perfect measure thereof[.]" *Crossley v. Moore*, 182 So. 3d 462, 469-70

(Miss. Ct. App. 2015). Rather, "it is enough that sufficient facts are given from which the jury may safely make at least a minimum estimate." *Id.*

Multiplan's employees testified at trial that Multiplan's clients were concerned about communications they received from Holland's alleged agent, Kevin Barrett, but there is no evidence that Multiplan lost clients or money as a result of Barrett's actions. However, Multiplan employee Adrienne Cromwell testified that Multiplan acted quickly to resolve its clients concerns. Therefore, it is questionable whether Multiplan and Private Healthcare suffered any loss of good will. Even if these companies suffered some loss of good will, there is insufficient evidence from which a jury could arrive at even a minimum estimate of the amount of damage suffered, because the testimony given concerning the alleged loss of good will was very vague.

Multiplan and Private Healthcare argue that the loss of good will does not have to be quantified in order to be awarded as damages pursuant to *Brennan's, Inc. v. Brennan*, 512 F. Supp. 2d 559, 573 (S.D. Miss. 2007). In *Brennan's*, the court held: "Although it is often written that the loss of goodwill can be difficult to quantify and may warrant a finding of irreparable harm, it has also been said that the loss of goodwill of a business 'is usually compensable in money damages.'" *Brennan's, Inc.*, 512 F. Supp. 2d at 573 (S.D. Miss. 2007) (quoting *DFW Metro Line Servs. v. Sw. Bell Tel. Co.*, 901 F.2d 1267, 1269 (5th Cir.1990)). In *Brennan's*, the court held that the plaintiff had not demonstrated irreparable harm, because its loss of good will could be compensated by way of an award of monetary damages.

The court did not hold that good will did not have to be quantified; it merely held that good will is usually compensable as monetary damages. As a result, the *Brennan's* decision does not relieve Multiplan and Private Healthcare of their burden of producing sufficient evidence of loss of good will to enable a jury to reach a verdict as to the amount of damages suffered.

Since Multiplan and Private Healthcare failed to demonstrate a required element of their tortious interference with business relations claim, Holland is entitled to judgment as a matter of law pursuant to Fed. R. Civ. P. 50.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the ore tenus Motion for Judgment as a Matter of Law filed by the defendant/counterclaimant Steven W. Holland, doing business as Physical Therapy Clinic of Gulfport is **GRANTED**. The claim for tortious interference of business relations filed by Multiplan, Inc., and Private Healthcare Systems, Inc., is **DISMISSED WITH PREJUDICE**.

**SO ORDERED AND ADJUDGED** this the 30th day of March, 2018.

s/ *Louis Guirola, Jr.*
Louis Guirola, Jr.
United States District Judge