# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | |
|---|---|
| **MULTIPLAN, INC. and PRIVATE HEALTHCARE SYSTEMS, INC.** | **PLAINTIFFS/ COUNTER-DEFENDANTS** |
| v. | CAUSE NO. 1:14CV315-LG-RHW |
| **STEVEN W. HOLLAND, doing business as Physical Therapy Clinic of Gulfport** | **DEFENDANT/ COUNTERCLAIMANT** |

## MEMORANDUM OPINION AND ORDER CONCERNING HOLLAND'S REQUEST FOR INTEREST AND PENALTIES

**BEFORE THE COURT** are the post-trial briefs [299, 301, 310] submitted by the parties concerning the amount of interest and penalties, if any, to which Steven W. Holland is entitled as a result of the jury verdict in this case. For the following reasons, the Court finds that Holland is entitled to recover prejudgment interest in the amount of eight percent per annum, calculated according to the actuarial method, from September 29, 2014. Holland is also entitled to post-judgment interest at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding March 30, 2018.

## BACKGROUND

This lawsuit arose out of a dispute between Holland, a physical therapist, and two preferred provider organizations (PPOs), PHCS and Multiplan.

Holland has argued throughout this litigation that PHCS and Multiplan wrongfully applied Holland's discount rate to workers' compensation claims. Holland claims that these discounts constituted a breach of contract, because his contract with PHCS required insurers to provide direction or steerage of patients but Mississippi workers' compensation statutes and regulations effectively eliminate direction or steerage. Following a five-day trial, a jury found in favor of Holland as to his breach of contract claim. Pursuant to the parties' stipulation as to the amount of contractual damages, this Court entered a [291] Judgment awarding Holland $14,329.25. The parties now ask the Court to determine whether Holland is entitled to recover additional damages, including interest and penalties pursuant to the Mississippi Workers' Compensation Fee Schedule.

Prior to trial, the parties entered into the following stipulation concerning post-trial damages calculations to be decided by the Court:

> 1. The issues of whether, and if so, how the regulations of the Mississippi Workers Compensation Commission ("MWCC") are to be employed in the calculation of damages to be awarded on Holland's breach of contract claim with respect to the forty-six (46) claims at issue in the case with discounts totaling $14,329.25 (identified in the attached spreadsheets by claim number), should Holland prevail at trial on such claim, are ones exclusively of law and therefore to be decided by the Court, and not by the jury. In the event that the jury renders a verdict in Holland's favor on his breach of contract claim, the parties will provide legal authority and argument on these legal issues through such briefing as the Court then directs. The parties expressly reserve all of their respective rights and arguments with respect to such issues, including the right to appeal any ruling of the Court on the same.
>
> 2. If, following the parties' submissions (and such argument as the Court entertains), the Court determines that application of the MWCC

regulations is appropriate in this case, the parties have agreed upon
various alternative calculations that reflect the following:
> a. Whether interest of 1.5% per month per the MWCC
> regulations is to be applied to the unpaid claim balances
> reflecting the discounts found to have improperly taken;
> b. Whether such interest is to be simple or compounded;
> c. Whether a 10% penalty is to be applied once (at the end of the
> relevant period) on the total (unpaid balance plus interest,
> whether simple or compounded); or
> d. Whether such penalty is to be applied every month to the
> unpaid claim balances reflecting the discounts found to have
> improperly taken.

3. The spreadsheets provided to the Court set forth the arithmetic
results of the various combinations of the items set forth in paragraph
2 above if the Court finds the MWCC regulations to be applicable.
Based on its determinations, the Court will select one of the resulting
totals.

4. The spreadsheets provided to the Court reflect the following:
> 1. 1.5% interest compounded monthly with 10% penalty applied,
> monthly = $197,529.23.
> 2. 1.5% interest compounded monthly with 10% penalty applied
> once = $41,914.94.
> 3. 1.5% simple interest with 10% penalty applied, monthly =
> $122,486.52.
> 4. 1.5% simple interest with 10% penalty applied once =
> $31,286.58.

5. If the Court determines that the MWCC regulations are not
applicable, then prejudgment interest as provided by applicable law
shall be included in any judgment entered by the Court.

(Pretrial Order 14-15, ECF No. 278).

## DISCUSSION

Holland argues that, pursuant to the MWCC regulations, he is entitled to

1.5% interest, compounded monthly with a 10% penalty applied monthly, which

would result in an award of an additional $197,529.23. The 2010 version of the

MWCC regulations, which was admitted as an exhibit at trial pursuant to the stipulation of the parties, provides:

> Properly submitted bills not fully paid within thirty (30) days of receipt by the payer shall automatically include interest on the unpaid balance at the rate of one and one-half percent (1.5%) per month from the due date of any unpaid remaining balance until such time as the claim is fully paid and satisfied. Properly submitted bills not fully paid within sixty (60) days of receipt will be subject to an additional penalty equal to ten percent (10%) of the unpaid remaining balance, including interest as herein provided.

(Trial Ex. P-36 15).[1] However, according to the trial evidence Holland did not follow the procedure required by the MWCC regulations for seeking reconsideration of the amount he was paid for the workers' compensation claims at issue. (Trial Ex. P-7; Multiplan/PHCS Mem., Ex. A 3, ECF No. 296-1). First, he was required to file a written request for reconsideration within thirty days "from receipt of the explanation of review or other written documentation evidencing the basis for the dispute." (*Id.* at 18). He was then required to file a "Request for Resolution of Dispute" with the MWCC within twenty days following the payer's response to a request for reconsideration of any matter in dispute. (Trial Ex. P-7; Holland's Ex. B 19, ECF No. 299-2). Essentially, Holland asks the Court to award interest and penalties here, under MWCC regulations that have been foreclosed due to his procedural noncompliance. Holland has cited no Mississippi statute or case authority that has approved such a proposition.

---

[1] Holland has submitted the 2007 version of the regulations, which contains an identical provision concerning interest and penalties. (See Holland's Ex. B 13, ECF No. 299-2).

Under Mississippi law, statutes that are penal in nature must be strictly construed. *Saucier v. Coldwell Banker JME Realty*, 644 F. Supp. 2d 769, 779 (S.D. Miss. 2007). While "Workers' Compensation claims, and the laws that govern them, are to be construed broadly and liberally in favor of the claimant," this liberal construction does not apply to provisions for the imposition of penalties. *Miss. Transp. Comm'n v. Dewease*, 691 So. 2d 1007, 1016 (Miss. 1997) (citing *DeLaughter v. S. Cent. Tractor Parts*, 642 So. 2d 375, 379 (Miss. 1994); V. Dunn, *Mississippi Workmen's Compensation*, § 305 (3d ed. 1982)). This Court sees no reason to treat a penal regulation any differently than a penal statute. Because Holland did not comply with the portions of the MWCC regulations governing reconsideration and dispute resolution, the MWCC regulationsl cannot used here to assess interest and penalties.

"State law governs the award of prejudgment interest in diversity cases." *GuideOne Elite Ins. Co. v. Mount Carmel Ministries*, 676 F. App'x 269, 281 (5th Cir. 2017) (quoting *Meaux Surface Prot., Inc. v. Fogleman*, 607 F.3d 161, 172 (5th Cir. 2010)). Miss. Code Ann. § 75-17-1 states that the legal rate of interest on all contracts shall be eight percent per annum, calculated according to the actuarial method. Furthermore, Miss. Code Ann. § 75-17-7 provides:

> All judgments or decrees founded on any sale or contract shall bear interest at the same rate as the contract evidencing the debt on which the judgment or decree was rendered. All other judgments or decrees shall bear interest at a per annum rate set by the judge hearing the complaint from a date determined by such judge to be fair but in no event prior to the filing of the complaint.

Since the PHCS contract did not specify an interest rate, the Court finds that Holland is entitled to recover interest in the amount of eight percent per annum, calculated according to the actuarial method from September 29, 2014, the date on which Holland filed his initial counterclaim against Multiplan and PHCS. (Ans. & Counterclaim, ECF No. 16).

Holland is also entitled to recover post-judgment interest pursuant to 28 U.S.C. § 1961(a), which provides:

> Interest shall be allowed on any money judgment in a civil case recovered in a district court. Execution therefor may be levied by the marshal, in any case where, by the law of the State in which such court is held, execution may be levied for interest on judgments recovered in the courts of the State. Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding[ ] the date of the judgment.

The original [291] Judgment was entered in this case on March 30, 2018; therefore, Holland is entitled to post-judgment interest "at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding" March 30, 2018.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Steven W. Holland is entitled to recover prejudgment interest in the amount of eight percent per annum, calculated according to the actuarial method from September 29, 2014.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Steven W. Holland is entitled post-judgment interest at a rate equal to the weekly average 1-year

constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding March 30, 2018.

**SO ORDERED AND ADJUDGED** this the 14th day of June, 2018.

                                        s/ *Louis Guirola, Jr.*
                                        LOUIS GUIROLA, JR.
                                        UNITED STATES DISTRICT JUDGE