# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | |
|---|---|
| **MULTIPLAN, INC. and PRIVATE HEALTHCARE SYSTEMS, INC.** | **PLAINTIFFS/ COUNTER-DEFENDANTS** |
| v. | CAUSE NO. 1:14CV315-LG-RHW |
| **STEVEN W. HOLLAND, doing business as Physical Therapy Clinic of Gulfport** | **DEFENDANT/ COUNTERCLAIMANT** |

## MEMORANDUM OPINION AND ORDER GRANTING THE PLAINTIFFS' MOTION FOR JUDGMENT AS A MATTER OF LAW

**BEFORE THE COURT** is the [294] Motion for Judgment as a Matter of Law, or in the Alternative, for New Trial, filed by the plaintiffs/counter-defendants Multiplan, Inc. and Private Healthcare Systems, Inc. For the following reasons, the Court finds that Multiplan and PHCS are entitled to judgment as a matter of law as to Holland's breach of contract claim. Multiplan and PHCS's Motion for New Trial is moot.

## BACKGROUND

This lawsuit arose out of a dispute between Holland, a physical therapist, and two preferred provider organizations (PPOs), PHCS and Multiplan. Holland entered into a "PHCS Participating Professional Agreement" with PHCS, which had an effective date of September 1, 2006. The Agreement contains the following requirement for steerage, which is also known as direction:

> 4.5 <u>Marketing</u>. PHCS will require each Payor to make available and promote Contracts which provide Direction to Preferred Providers. Direction may occur through, but is not limited to, (i) greater plan benefits, (ii) access to lists or directories of Preferred Providers in

> printed form or by phone or website, or (iii) the provision of financial incentives that provide Covered Individuals with savings when they obtain health care services from Preferred Providers.

(Trial Ex. P-1 § 4.5). The Agreement defines the term "Payor" as "an insurance company, employer health plan, Taft-Hartley Fund, or other organization liable to pay or arrange to pay for the provision of health care services to Covered Individuals through a PHCS provider network." (*Id.* at § 1.5). The term "Covered Individual" is defined as "any individual and/or dependent covered by a Contract." (*Id.* at § 1.3). "Contract" "means any insurance policy, benefit plan or other health plan or program that includes Direction (as defined in Section 4.5) to Preferred Providers." (*Id.* at § 1.1).

On October 18, 2006, Multiplan acquired PHCS as a wholly owned subsidiary. On or about June 26, 2007, PHCS sent a letter to Holland stating that Multiplan had acquired PHCS on October 18, 2006, and that PHCS was "expanding [Holland's] PHCS relationship to include participation with Multiplan on a complementary basis." (*See* Trial Ex. P-2). Multiplan subsequently entered into contracts with companies called Coventry and Procura. (Trial Ex. P-24, P-25). Holland has argued throughout this litigation that PHCS and Multiplan wrongfully applied Holland's discount rate to workers' compensation claims pursuant to Multiplan's agreement with Coventry and Procura. Holland claims that these discounts constituted a breach of contract, because his contract with PHCS required insurers to provide direction or steerage of patients but Mississippi workers' compensation statutes and regulations effectively eliminate direction or steerage.

Holland retained Kevin Barrett, doing business as Quest Financial Recovery Services, to assist him in disputing the discounts.

On August 13, 2014, Multiplan and PHCS filed this lawsuit against Holland and Barrett, asserting a tortious interference with business relations claim due to Holland and Barrett's communications with the clients of PHCS and Multiplan. Holland asserted the following counterclaims against Multiplan and PHCS: violations of RICO, Unjust Enrichment, Civil Conspiracy, Common Law Fraud, Accounting, Disgorgement, and Breach of Contract. (3d Am. Countercl., ECF No. 106). On July 25, 2016, this Court issued a [120] Memorandum Opinion and Order dismissing Holland's RICO, unjust enrichment, common law fraud, and accounting claims pursuant to Fed. R. Civ. P. 12(b)(6). In a [258] Memorandum Opinion and Order, this Court granted summary judgment in favor of Multiplan and PHCS as to Holland's disgorgement claim.

This Court granted judgment as a matter of law as to Multiplan and PHCS's claim for tortious interference with business relations against Holland. (Mem. Op. & Order, ECF No. 289). This Court also granted judgment as a matter of law in favor of Multiplan and PHCS as to Holland's civil conspiracy counterclaim. (Mem. Op. & Order, ECF No. 290). Following a five-day trial, a jury found in favor of Holland as to his breach of contract claim. Pursuant to the parties' stipulation as to the amount of contractual damages, this Court entered a [291] Judgment awarding Holland $14,329.25. Multiplan and PHCS now seek judgment as a matter of law as to Holland's breach of contract claim, or in the alternative, a new trial.

**DISCUSSION**

A court may grant judgment as a matter of law if "the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." Fed. R. Civ. P. 50(a)(1). "In resolving such challenges, we draw all reasonable inferences and resolve credibility determinations in the light most favorable to the nonmoving party." *Foradori v. Harris*, 523 F.3d 477, 485 (5th Cir. 2008).

Under Mississippi law, the elements of a breach of contract are (1) the existence of a valid and binding contract and (2) breach of the contract by the defendant. *Bus. Commc'ns, Inc. v. Banks*, 90 So. 3d 1221, 1224-25 (¶¶ 10-11) (Miss. 2012). It is undisputed that the parties had a valid and binding contract; thus, the only question remaining as to Holland's counterclaim concerns whether a reasonable jury could have found that Multiplan and PHCS breached the contract by providing improper discounts. As explained previously, Holland claims that the discounts were improper because no steerage or direction was provided for workers' compensation claims.

Importantly, Holland conceded during his testimony at trial that the PHCS contract merely provides an opportunity for steerage; thus, there are no guarantees that a provider will receive additional patients pursuant to the PHCS contract. Furthermore, Jon Wampler, an insurance expert retained by Multiplan and PHCS, testified that steerage is provided in the workers' compensation setting, because physicians typically refer their patients with health insurance and their patients

with workers' compensation coverage to the same specialists and physical therapists. As a result, physicians typically have one referral network for all of his or her patients, and the physicians are contractually-obligated to refer patients to in-network providers where possible. Mr. Wampler also explained that Mississippi's workers' compensation law allows managed care companies to assist patients in obtaining referrals to in-network specialists in certain circumstances.

Holland also argues that Multiplan and PHCS breached the contract by permitting additional companies to join the network without his consent. However, as Mr. Wampler testified, the contract permitted the unilateral addition of clients to the network, because it provides, "Upon written notice to Participating Professional, PHCS will, in its sole discretion, designate those individual product(s) for which Participating Professional participates as part of the PHCS provider network." (Trial Ex. P-1 § 3.7).

Therefore, as Holland admits, PHCS merely agreed to give him the opportunity to obtain additional patients through its network. The PHCS contract did not specify that separate workers' compensation steerage had to be provided, but merely required each payor to give Holland the opportunity of receiving additional patients. Since physicians within the Multiplan/PHCS network were required to refer patients to other providers within the network, no reasonable jury could have found that Multiplan and PHCS breached their contractual obligation to provide Holland the opportunity of receiving new patients. As a result, the jury's verdict in favor of Holland must be set aside, and Multiplan and PHCS are entitled

to judgment as a matter of law pursuant to Fed. R. Civ. P. 50(a)(1). The motion for new trial filed by Multiplan and PHCS is moot.

## CONCLUSION

For the foregoing reasons, the Court finds that Multiplan and PHCS are entitled to judgment as a matter of law, and the jury's verdict must be overturned.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the [294] Motion for Judgment as a Matter of Law filed by the plaintiffs Multiplan, Inc. and Private Healthcare Systems, Inc., is **GRANTED**. The Court will enter a separate judgment pursuant to Fed. R. Civ. P. 58.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that the [294] Motion for New Trial filed by the plaintiffs Multiplan, Inc. and Private Healthcare Systems, Inc., is **MOOT**.

**SO ORDERED AND ADJUDGED** this the 20th day of June, 2018.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE