IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| MULTIPLAN, INC., and PRIVATE HEALTHCARE SYSTEMS, INC. | PLAINTIFFS/ COUNTER-DEFENDANTS |
| v. | CAUSE NO. 1:14CV315-LG-RHW |
| STEVEN W. HOLLAND, doing business as Physical Therapy Clinic of Gulfport | DEFENDANT/ COUNTERCLAIMANT |

## MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART HOLLAND'S MOTION FOR ATTORNEY'S FEES AND EXPENSES, DENYING PHCS AND MULTIPLAN'S MOTION TO STRIKE, AND GRANTING HOLLAND'S MOTION TO AMEND

**BEFORE THE COURT** are the [351] Motion for Attorney's Fees and Expenses filed by Steven W. Holland, the [356] Motion to Strike Memorandum and Amended Memorandum in Support of Motion for Attorney's Fees and Expenses filed by the plaintiffs/counter-defendants, Multiplan, Inc. and Private Healthcare Systems, Inc., and the [370] Motion for Leave to File Amended Reply Memorandum filed by Holland. The parties have fully briefed the Motions. After reviewing the submissions of the parties, the record in this matter, and the applicable law, the Court finds that Holland is entitled to recover $289,203.34 in attorney's fees and $9021.89 in expenses. The Motion to Strike is denied, and the Motion to File Amended Reply is granted.

## BACKGROUND

On August 13, 2014, Multiplan and PHCS filed this lawsuit against Holland and Kevin Barrett, asserting a tortious interference with business relations claim

due to Holland and Barrett's communications with the clients of PHCS and Multiplan.[1] Holland asserted the following counterclaims against Multiplan and PHCS: violations of RICO, Unjust Enrichment, Civil Conspiracy, Common Law Fraud, Accounting, Disgorgement, and Breach of Contract. (3d Am. Countercl., ECF No. 106). On July 25, 2016, this Court issued a [120] Memorandum Opinion and Order dismissing Holland's RICO, unjust enrichment, common law fraud, and accounting claims pursuant to Fed. R. Civ. P. 12(b)(6). In a [258] Memorandum Opinion and Order, this Court granted summary judgment in favor of Multiplan and PHCS as to Holland's disgorgement claim.

This Court granted judgment as a matter of law as to Multiplan and PHCS's claim for tortious interference with business relations against Holland. (Mem. Op. & Order, ECF No. 289). This Court also granted judgment as a matter of law in favor of Multiplan and PHCS as to Holland's civil conspiracy counterclaim. (Mem. Op. & Order, ECF No. 290). Following a five-day trial, a jury found in favor of Holland as to his breach of contract claim. Pursuant to the parties' stipulation as to the amount of contractual damages, this Court entered a [291] Judgment awarding Holland $14,329.25. This Court granted judgment as a matter of law and set aside the jury verdict. The Fifth Circuit reversed this Court's decision and reinstated the jury's verdict.

---

[1] The Court previously dismissed the claims PHCS and Multiplan filed against Barrett.

Holland now seeks an award of attorney's fees and expenses pursuant to the terms of the "PHCS Participating Professional Agreement" between Holland, PHCS, and Multiplan. PHCS and Multiplan ask the Court to strike Holland's Memorandum and Amended Memorandum supporting his requests for attorney's fees and expenses as untimely, and Holland asks for permission to file an amended reply in support of his Motion.

## DISCUSSION

### I. MOTION TO STRIKE HOLLAND'S [356] MEMORANDUM AND AMENDED MEMORANDUM

After the [344] Second Amended Final Judgment was entered in this case, Holland filed a [345] Motion for Extension of Time to File Motion for Attorney's Fees and Expenses. The Court granted the Motion and ordered Holland to file his Motion on October 17, 2019. Holland filed a Second Motion for Extension of Time, and the Court ordered him to file his Motion for Attorney's Fees no later than October 22, 2019. Holland filed his Motion for Attorney's Fees with no supporting exhibits or memorandum on October 22. He filed his Memorandum and supporting exhibits two minutes after the deadline, on October 23, 2019 at 12:02 a.m. Holland then filed an amended memorandum at 12:43 a.m. In the interest of justice, the Court finds that these pleadings should not be stricken. The pleadings were filed very close to the deadline, and the court is more interested in reaching the merits of the pending Motion than striking pleadings based on technicalities. As a result, the Motion to Strike filed by Multiplan and PHCS is denied.

## II. HOLLAND'S MOTION FOR LEAVE TO FILE AMENDED REPLY MEMORANDUM IN SUPPORT OF MOTION FOR ATTORNEY'S FEES AND EXPENSES

Holland asks the Court for permission to file an Amended Reply Memorandum that includes additional citations to authority. The Court finds that the Amended Reply does not prejudice Multiplan and PHCS, and this pleading does not substantially affect the consideration of the issues before the Court. As a result, Holland's Motion is granted, and the Court will consider the Amended Reply.

## III. HOLLAND'S MOTION FOR ATTORNEY'S FEES AND EXPENSES

Where, as here, the Court's jurisdiction is based on diversity of citizenship, state law governs the award and reasonableness of attorneys' fees. *See Bank of La. v. SunGard Availability Servs., L.P.*, 374 F. App'x 539, 542-43 (5th Cir. 2010). A contractual provision regarding the award of attorneys' fees must be enforced if its terms are clear and unambiguous. *Upchurch Plumbing, Inc. v. Greenwood Utils. Comm'n*, 964 So. 2d 1100, 1113 (Miss. 2007). The agreement between PHCS, Multiplan, and Holland provides:

> 6.2 Attorneys' Fees. If Participating Professional or PHCS institutes any action, suit, or arbitration proceeding to enforce the provisions of this Agreement, the prevailing party will recover reasonable costs and attorneys' fees.

(Trial Ex. P-1 § 6.2). Therefore, Holland is entitled to recover reasonable costs and attorneys' fees he incurred.

Mississippi Rule of Professional Conduct 1.5 provides that "[a] lawyer's fee shall be reasonable." Miss. Rules of Prof'l Conduct R. 1.5(a). To determine reasonableness, Mississippi courts use "as a starting point the number of hours reasonably expended on

the litigation, multiplied by a reasonable hourly rate . . . ." *Tupelo Redevelopment Agency v. Gray Corp., Inc.*, 972 So. 2d 495, 522 (Miss. 2007). This figure is referred to as the lodestar. *Id.* at 520. "[T]he issue of attorneys' fees must then be appropriately considered in light of Miss. R. Prof. Conduct 1.5(a) and the *McKee* factors." *Id.* at 522. The factors to consider in determining the reasonableness of attorneys' fees include the following:

> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
> (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
> (3) the fee customarily charged in the locality for similar legal services;
> (4) the amount involved and the results obtained;
> (5) the time limitations imposed by the client or by the circumstances;
> (6) the nature and length of the professional relationship with the client;
> (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and
> (8) whether the fee is fixed or contingent.

Miss. R. of Prof'l Conduct 1.5(a). The *McKee* factors are:

> the relative financial ability of the parties, the skill and standing of the attorney employed, the nature of the case and novelty and difficulty of the questions at issue, as well as the degree of responsibility involved in the management of the cause, the time and labor required, the usual and customary charge in the community, and the preclusion of other employment by the attorney due to the acceptance of the case.

*Tupelo Redevelopment Agency*, 972 So. 2d at 521 (quoting *McKee v. McKee*, 418 So. 2d 764, 767 (Miss. 1982)).

**A. LODESTAR**

Holland claims that his attorney, Jack Gordon, is entitled to an hourly rate of $450 per hour for the 14.6 hours spent representing Holland before this Court and $500 per hour for the 61.1 hours Mr. Gordon spent handling the appeal. Mr. Gordon has been practicing law in Florida for 30 years.

Holland asserts that David Mitchell, a Florida attorney admitted pro hac vice, is entitled to an hourly rate of $400 per hour for 732.7 hours of work performed before this Court and $500 per hour for 209.1 hours of practice before the Fifth Circuit. For Daniel Mitchell's work, Holland seeks $425 per hour for 45.8 hours of work. As for Walter Blessey, Holland requests $375 per hour for 121.6 hours of work. Holland also seeks $300 per hour for the 220.6 hours of work performed by Norman Pauli, who has thirty-nine years of experience, and $125 per hour for the 84.8 hours of work performed by Karin Glascock. Therefore, Holland seeks a total of $576,595 in attorney's fees for the 1490.3 hours of work performed by his attorneys. The Court has not been able to locate any reference to the experience level of David Mitchell, Daniel Mitchell, Walter Blessey, and Karin Glascock. Furthermore, Karin Glascock has never made an appearance in this case, and it is unclear where she practices law.

Holland argues that the Court should consider the "home rates" of David Mitchell and Jack Gordon, because Holland has demonstrated that he was unable to hire local counsel to represent him. While the lodestar is typically determined according to the prevailing market rates in the venue where the district court sits, the Fifth Circuit has held that counsel's "home rates" should be considered "when abundant and uncontradicted evidence proved the necessity of the plaintiff's turning to out-of-district counsel." *McClain v. Lufkin Indus., Inc.*, 649 F.3d 374, 382 (5th Cir. 2011). Assuming Holland has demonstrated he was unable to hire local counsel to represent him, he has not demonstrated what the "home rates" would be for Mr. Mitchell and Mr. Gordon. The only evidence Holland relies on is Mr. Gordon's affidavit stating that he believes the rates charged were reasonable. Mr. Mitchell has not provided an affidavit,

and the Court has not been able to locate the number of years Mr. Mitchell has been practicing law in the record or on Mr. Mitchell's firm's website. Since Holland has not provided sufficient information from which this Court could determine a reasonable rate for Florida attorneys with experience similar to that of Mr. Gordon and Mr. Mitchell, the Court will apply local hourly rates for these attorneys. Based on rates approved in comparable cases, the Court finds that Mr. Gordon's hourly rate should be set at $350 per hour, and Mr. Mitchell's rate should be set at $300 per hour. *See Trout Point Lodge Ltd. v. Handshoe*, No. 1:12cv90-LG-JMR, 2013 WL 6524650, at *6 (S.D. Miss. Dec. 11, 2013); *Penthouse Owners Ass'n v. Certain Underwriters at Lloyd's*, No. 1:07cv568-HSO-RHW, 2011 WL 6699447, at *12 (S.D. Miss. Dec. 21, 2011). Holland has not provided any justification for proposing higher rates for the work these attorneys performed on appeal.

The Court approves Norman Pauli's proposed rate of $300 per hour as a reasonable rate given his experience level. The rates of Daniel Mitchell and Walter Blessey will be reduced to the local rate of $350 per hour. Karin Glascock's entire fee request is denied because her connection to this case is unclear from the record.

The Court finds that the number of hours billed by these attorneys is reasonable, given the protracted nature of this litigation as well as the extensive motion practice and the necessity of an appeal. Jack Gordon billed 75.7 hours at an approved rate of $350 per hour, yielding $26,495. David Mitchell billed 941.8 at an approved rate of $300 per hour, which results in an award of $282,540. Daniel Mitchell billed 45.8 hours at an approved rate of $350 per hour, leaving an award of $16,030. Walter Blessey billed 121.6 hours at an approved rate of $350 per hour, which yields $42,560. Norman

Pauli billed 220.6 hours at $300 per hour, resulting in an award of $66,180. Therefore, the lodestar is $433,805.

**B. McKEE FACTORS AND MISS. R. PROF. CONDUCT 1.5(a)**

The Court finds that the *McKee* factors do not require adjustment of the lodestar because those factors are adequately accounted for in the lodestar. Rule 1.5(a), however, requires a reduction of the lodestar to reflect the results obtained. Holland's attorneys filed seven claims on behalf of Holland, but only one of those claims was successful and Holland only recovered $14,329.25 in damages. As a result, the attorneys' fees sought are grossly disproportionate to the results obtained for Holland. Nevertheless, the Court must take into consideration the five years it took to obtain a recovery for Holland. In addition, the Court notes that two of Holland's attorneys, Walter Blessey and Daniel Mitchell, passed away during the course of the litigation, and Holland's substitute attorneys had to spend additional time familiarizing themselves with the case. Given all these factors, the Court finds that Holland's request for attorneys' fees should be reduced by one third, yielding an award of $289,203.34.

**C. EXPENSES**

Holland also seeks to recover the following expenses incurred by his attorneys: $372.54 for postage/mailing and $8649.35 for travel expenses. The Court finds that these expenses were reasonable and necessary given the location of the various witnesses and attorneys and the protracted nature of this litigation. Holland's request for $9021.89 in expenses is granted.

## CONCLUSION

For the foregoing reasons, Holland is entitled to recover $289,203.34 in attorney's fees and $9021.89 in expenses.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the [351] Motion for Attorney's Fees and Expenses filed by Steven W. Holland is **GRANTED** to the extent that Holland is awarded $289,203.34 in attorney's fees and $9021.89 in expenses. The Motion is **DENIED** in all other respects.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that the [356] Motion to Strike Memorandum and Amended Memorandum in Support of Motion for Attorney's Fees and Expenses filed by the plaintiffs/counter-defendants, Multiplan, Inc. and Private Healthcare Systems, Inc., is **DENIED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that the [370] Motion for Leave to File Amended Reply Memorandum filed by Steven W. Holland is **GRANTED**.

**SO ORDERED AND ADJUDGED** this the 6th day of March, 2020.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE