IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| MULTIPLAN, INC., and PRIVATE HEALTHCARE SYSTEMS, INC. | PLAINTIFFS/ COUNTER-DEFENDANTS |
| v. | CAUSE NO. 1:14CV315-LG-RHW |
| STEVEN W. HOLLAND, doing business as Physical Therapy Clinic of Gulfport | DEFENDANT/ COUNTERCLAIMANT |

## MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR DISALLOWANCE OF COSTS AND DENYING MOTION TO STRIKE RESPONSE AND ATTACHMENTS IN OPPOSITION

**BEFORE THE COURT** are the [348] Motion for Disallowance of Costs and the [358] Motion to Strike Response and Attachments filed by the plaintiffs/counter-defendants, Multiplan, Inc. and Private Healthcare Systems, Inc. The parties have fully briefed the Motions. After reviewing the submissions of the parties, the record in this matter, and the applicable law, the Court finds that the Motion for Disallowance of Costs should be granted in part and denied in part and that the Motion to Strike should be denied. Holland's recoverable costs are reduced to $4710.90.

## BACKGROUND

This lawsuit arose out of a dispute between Holland, a physical therapist, and two preferred provider organizations (PPOs), PHCS and Multiplan. Holland entered into a "PHCS Participating Professional Agreement" with PHCS, which had an effective date of September 1, 2006. PHCS and Multiplan alleged that Holland

engaged in tortious interference with business relations by contacting their insurer clients. Holland filed several claims against PHCS and Multiplan, asserting that these entities failed to provide steerage, or direction, of patients to Holland's physical therapy clinic. This Court granted judgment as a matter of law, thus dismissing the claims PHCS and Multiplan filed against Holland as well as most of the claims Holland filed against PHCS and Multiplan. The Court conducted a jury trial as to Holland's only remaining claim for breach of contract. A jury found that PHCS and Multiplan breached the Agreement by failing to provide patient direction to Holland's physical therapy clinic. Pursuant to the parties' stipulation as to the amount of contractual damages, this Court entered a [291] Judgment awarding Holland $14,329.25. This Court granted judgment as a matter of law and set aside the jury verdict. The Fifth Circuit reversed this Court's decision and reinstated the jury's verdict. Holland filed a bill of costs seeking $9420.21 in costs. PHCS and Multiplan filed the present [348] Motion asking the Court to disallow the costs sought by Holland. They also filed a [358] Motion asking the Court to strike Holland's response and supporting exhibits as untimely.

## DISCUSSION

### I. MOTION TO STRIKE RESPONSE AND ACCOMPANYING EXHIBITS

PHCS and Multiplan ask the Courts to strike Holland's response to their Motion for Disallowance of Costs as well as exhibits filed in support of Holland's response. PHCS and Multiplan filed their Motion for Disallowance of Costs on October 10, 2019. Under this Court's Local Rules, Holland's response and exhibits

were due fourteen days later, on October 24, 2019. *See* Uniform Local Rule 7(b)(4). Holland's [354] Response was filed nineteen minutes late, at 12:19 a.m. on October 25, 2019. Holland's exhibits were filed ten hours late, at 10:00 a.m. on October 25, 2019. The Court is interested in reaching the merits of this dispute and will not strike these pleadings on a technicality, particularly where the response and exhibits were filed at a time so near the deadline. As a result, the Motion to Strike filed by PHCS and Multiplan is denied.

**II. MOTION FOR DISALLOWANCE OF COSTS**

Holland seeks the following costs: $936 for fees of the clerk; $4185 for fees for service of summons and subpoenas; $3659.99 for fees for printed or electronically recorded transcripts necessarily obtained for use in the case; $307.09 for fees for disbursements for printing; $238.32 for fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; and $93.31 for other costs.

Generally, a prevailing party should be allowed to recover its costs. Fed. R. Civ. P. 54(d)(1). Recoverable costs generally include: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the costs of making copies; (5) docket fees; and (6) compensation of court appointed experts, interpreters, and costs of special interpretation services. 28 U.S.C. § 1920.

### A. Fees of the Clerk

Holland seeks to recover the following fees, which he characterizes as fees of the clerk: Fifth Circuit filing fee $505, two pro hac vice fees totaling $200, and the Fifth Circuit admission fee for one of Holland's attorneys, Jack Gordon. (Holland's Resp., at 3, ECF No. 354.) Pro hac vice fees are not properly taxable as costs. *Mosley v. Geico Ins. Co.*, No. 3:13CV161-LG-JCG, 2015 WL 12942082, at *2 (S.D. Miss. Mar. 17, 2015) (citing 28 U.S.C. § 1920; *Smith v. Fresh Cut Floral & Catering, Inc.*, No. 3:07-cv-661-WHB-LRA, 2008 WL 4539630, at *2 (S.D. Miss. Oct. 7, 2008)). Similarly, appellate court admission fees are not included in the costs on appeal taxable in the district court. *See* Fed. R. App. P. 39(e). However, the fee for filing a notice of appeal is recoverable. *See id.* Therefore, Holland's request for fees of the clerk is reduced to $505.

### B. Fees for Service of Summons and Subpoenas

The Fifth Circuit has held that the costs of a private process server are not recoverable under Section 1920, absent exceptional circumstances. *Marmillion v. Am. Int'l Ins. Co.*, 381 F. App'x 421, 431 (5th Cir. 2010). Holland has not demonstrated that exceptional circumstances exist that warrant an award of private process server costs. As a result, Holland is not entitled to recover these costs.

### C. Fees for Printed or Electronically Recorded Transcripts Necessarily Obtained for Use in the Case

"A deposition is necessarily obtained for use in the case '[i]f, at the time the deposition was taken, a deposition could reasonably be expected to be used for trial

preparation, rather than merely for discovery.'" *Marmillion*, 381 F. App'x at 429 (quoting *Fogleman v. ARAMCO*, 920 F.2d 278, 285 (5th Cir. 1991)). PHCS and Multiplan argue that Holland's request for reimbursement of transcript fees should be denied because Holland provided insufficient itemization and documentation to show that the transcripts were necessary for use at trial. Holland provided receipts along with his response. These receipts show that the depositions were necessary for use at trial. As a result, Holland is entitled to recover the $3659.99 in transcript costs he seeks.

### D. Fees and Disbursements for Printing

PHCS and Multiplan argue that Holland did not provide sufficient documentation and itemization to support his request to recover $307.09 for fees and disbursements for printing. Holland corrected this deficiency when he filed his response and supporting exhibits. Therefore, Holland is entitled to recover $307.09 for printing costs.

### E. Fees for Exemplification and the Costs of Making Copies of Any Materials Where the Copies are Necessarily Obtained for Use in the Case

The Court finds that Holland's request for $238.82 in copying costs is reasonable and recoverable, particularly considering the protracted nature of this litigation. The objections of PHCS and Multiplan are overruled to this extent.

### F. Other Costs

Holland's request for binding costs and PACER fees are denied, because these costs and fees are not recoverable under 28 U.S.C. § 1920. *See U.S. ex rel. Long v.*

-5-

*GSDMIdea City, L.L.C.*, 807 F.3d 125, 133 (5th Cir. 2015); *Kmart Corp. v. Kroger Co.*, No. 1:11cv103-GHD-DAS, 2014 WL 3699998, at *8 (N.D. Miss. July 24, 2014).

## CONCLUSION

For the foregoing reasons, Holland is entitled to recover the following costs: $505 for fees of the clerk; $3659.99 for fees for printed or electronically recorded transcripts necessarily obtained for use in the case; $307.09 for fees and disbursements for printing; and $238.82 for fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case. These costs total $4710.90.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the [348] Motion for Disallowance of Costs is **GRANTED** to the extent that Holland's recoverable costs are reduced to $4710.90 and **DENIED** in all other respects.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that the Clerk of Court is directed to tax costs against Multiplan, Inc. and Private Healthcare Systems, Inc., in the amount of $4710.90.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that [358] Motion to Strike Response and Attachment filed by the plaintiffs/counter-defendants, Multiplan, Inc. and Private Healthcare Systems, Inc., is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 6th day of March, 2020.

*s/ Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE